## ROSSLYN GAS CO. v. FLETCHER et al.
### No. 301.

District Court, E. D. Virginia.
Nov. 4, 1933.

E. Randolph Williams and T. Justin Moore (of Hunton, Williams, Anderson, Gay & Moore), both of Richmond, Va., for complainant.

Collins Denny, Jr., Asst. Atty. Gen., for respondents.

Before SOPER, Circuit Judge, and WAY and CHESNUT, District Judges.

CHESNUT, District Judge.

This case presents a bill in equity by the Rosslyn Gas Company, a corporation of Virginia (engaged as a public utility in supplying gas to consumers in Arlington County, Virginia, and its vicinity), to enjoin the enforcement of a rate order made by the State Corporation Commission of Virginia, on the ground that the rate so fixed is confiscatory.

Upon the filing of the bill, Judge WAY, after notice to counsel for the respondent (who appeared specially and objected to consideration of the bill on the ground of alleged insufficient notice) entered a restraining order upon the condition of the execution of a bond by the plaintiff in the amount of $10,-000, which was duly filed. A three-judge court was then constituted in accordance with United States Code, title 28, § 380 (28 USCA § 380).

The answer by the respondents (the State Corporation Commission) on the merits, also includes a separate and specific motion to dismiss the bill of complaint on jurisdictional grounds. The court having heard argument on the motion announced orally that it would be overruled. This memorandum is filed to briefly state the basis of the ruling.

In support of the contention that there is lack of jurisdiction, the point is made that the State legislative process affecting the order is not final and complete because under the Virginia Constitution and Statutes there is a permissible appeal by the Rosslyn Gas Company, to the Supreme Court of Appeals of the State of Virginia, which, it is said on such appeal, exercises legislative powers. In substance, the contention is that the situation here existing is essentially similar to that presented to the Supreme Court of the United States in Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150, where, on appeal from this Court, the Supreme Court held that the bill of complaint to enjoin the enforcement of a rate making order by the Commission affecting railroad passenger rates would not be entertained until after action on appeal by the Supreme Court of Appeals of Virginia. But the complainant's answer to this contention, which in our opinion is sound, is that under the Virginia Constitution and Statutes there is a clear distinction between the function of the Supreme Court of Appeals of Virginia in appeals to it from rate making orders of the State Corporation Commission affecting transportation and transmission companies on the one hand, and, on the other hand, such rate orders as affect other corporations subject to the jurisdiction of the Commission. It is conceded that the complainant in this case is not to be classed as a transportation or transmission company.

The distinction referred to is based on the provisions of the State Constitution. It is not disputed that this fundamental law of the State contains the familiar separation of powers of government between the legislative, executive and judicial branches. The Supreme Court of Appeals (the court of last resort in the State) is provided for in article 6 (§ 87 et seq.) of the Constitution dealing with the Judiciary Department of the State. The composition and jurisdiction of the court is therein outlined, with nothing to indicate that its functions and jurisdiction generally are other than judicial as distinct from legislative. Its power, on appeals from the State Corporation Commission, in rate cases af-

fecting transportation and transmission corporations flows from the special constitutional provision found in section 156 (g) of the Constitution (relating to the subject matter of appeals from the State Corporation Commission) which provides:

"Whenever the court, upon appeal, shall reverse an order of the commission affecting the rates, charges or the classification of traffic of any transportation or transmission company, it shall, at the same time, substitute therefor such order as, in its opinion, the commission should have made at the time of entering the order appealed from; otherwise, the reversal order shall not be valid. Such substituted order shall have the same force and effect (and none other) as if it had been entered by the commission at the time the original order appealed from was entered."

It is this power to make the rate by substituting its own order as to the proper rate for that of the Commission that characterizes the power of the court in the particular case as legislative rather than judicial. It is admitted by counsel for the respondent that the legislative power thus expressly given as affecting transportation and transmission companies is not so expressly given either in the Constitution or Statutes of the State affecting appeals from the State Corporation Commission in rate proceedings affecting other classes of companies. The argument is submitted that the power is impliedly given in other sections of the Constitution and certain particular sections of the Code of Virginia referred to by counsel which we have carefully considered, but in our opinion the implication contended for cannot be successfully maintained.

▉ The question before us being one of the proper construction and effect of the Constitution and Statutes of the State of Virginia, we must, of course, accept the opinion of the Supreme Court of Appeals itself on the subject. The latest expression of that Court dealing with the particular subject matter is to be found in the case of Ætna Insurance Co. v. Commonwealth ex rel. State Corporation Commission (Supreme Court of Appeals of Virginia, June 15, 1933) 169 S. E. 859, 866. The Court there had before it the appeal of an insurance company adversely affected by a rate making order of the Commission. It was urged upon the Court that the character of its jurisdiction on such an appeal was legislative and not judicial but the decision in short was that its power was judicial and not legislative. In the opinion it is pointed out that while the Court with respect to transportation and transmission companies is acting legislatively under the provisions of section 156 (g) of the Constitution, nevertheless with respect to other classes of companies the Court acts judicially and not legislatively; and the Court said:

"Considering that the constitutional convention employed such language in section 156 (g), conferring legislative powers as to rates of transportation and transmission companies, and omitted to include such power to substitute our judgment for that of the commission in section 156 (f) as to other appeals, it is highly persuasive that no such powers were intended to be conferred by section 156 (f). Constitutional language, conferring powers on an appellate court, should be construed as intended to include only those powers consistent with the discharge of the inherent judicial functions of the court. It would require clear and strong language to justify such a construction as would divest the court of its primary duty, that of judicial review."

▉ Counsel for the respondent contends that, as the case before the Court was an appeal of an insurance company subjected to the jurisdiction of the State Corporation Commission by a special act of Assembly, the language used by the Court is not necessarily applicable to characterize the nature of appeals in rate cases affecting public utility companies which are provided for in other sections of the Virginia laws. It is, however, we think quite clear from the reasoning of the Court in this case that a clear distinction was made between rate cases affecting transportation and transmission companies as one class and the appeals affecting all other classes of companies. Certainly the language used by the Court is susceptible of this understanding and no contrary decision has been called to our attention. We, therefore, accept what we think is the clear decision of the Supreme Court of Appeals of Virginia that its appellate functions in rate making cases affecting public utilities, including the respondent, are judicial and not legislative.

It necessarily results that the legislative process of rate making in this case was complete when the order of the Commission became operative as affecting the complainant and the Court is, therefore, not without jurisdiction to proceed in the case. It was for this reason that we have overruled the motion to dismiss the bill of complaint.